USDC SCAN INDEX SHEET










```
R1R     4/14/06    12:56
3:06-CV-00408    WEBSIDESTORY INC V. NETRATINGS INC
*17*
*ANS/CNT.*
```

ALLAN GABRIEL (SBN 76477)
PAMELA G. MAHER (SBN 162292)
BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP
1880 Century Park East, 12th Floor
Los Angeles, CA 90067
Tel: (310) 712-8300
Fax: (310) 712-8383

FREDERICK L. WHITMER (to be admitted *Pro Hac Vice*)
SETH H. OSTROW (to be admitted *Pro Hac Vice*)
ARIANNA FRANKL (to be admitted *Pro Hac Vice*)
BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP
900 Third Avenue
New York, NY 10022
Tel: 212-895-2000
Fax: 212-895-2900

Attorneys for Defendant and Counterclaim-Plaintiff
NetRatings, Inc.

FILED
2006 APR 13 PM 1:46
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA        **BY FAX**

| | |
|---|---|
| WEBSIDESTORY, INC., | Case No. 06-CV-0408 (WQH) (AJB) |
| Plaintiff, | ANSWER AND COUNTERCLAIMS OF DEFENDANT NETRATINGS, INC. IN RESPONSE TO FIRST AMENDED COMPLAINT OF WEBSIDESTORY, INC. |
| vs. | |
| NETRATINGS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |
| NETRATINGS, INC. | |
| Counterclaim-Plaintiff, | |
| vs. | |
| WEBSIDESTORY, INC., | |
| Counterclaim-Defendant. | |

Case No: 06-CV-0408

Defendant NetRatings, Inc. ("NetRatings"), by and through its counsel, Brown Raysman Millstein Felder & Steiner LLP, as and for its Answer and Counterclaims in Response to the First Amended Complaint for Patent Infringement (the "Complaint") filed by plaintiff WebSideStory, Inc. ("WebSideStory"), states as follows:

## THE PARTIES

1. NetRatings denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, except admits that WebSideStory purports to be a provider of Web analytics.

2. NetRatings admits the allegations contained in Paragraph 2 of the Complaint.

3. NetRatings admits the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. NetRatings denies the allegations contained in Paragraph 4 of the Complaint, except admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et. seq., and more particularly 35 U.S.C. §§ 271 and 281.

5. NetRatings denies the allegations contained in Paragraph 5 of the Complaint, except admits that the Complaint purports to rely on 28 U.S.C. §§ 1331 and 1338 to establish subject matter jurisdiction in this Court and on 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) to establish venue in this District.

## BACKGROUND

6. NetRatings denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except admits that a copy of U.S. Patent No. 6,393,479 (the "'479 Patent") was provided with the Complaint and appears to have issued on May 21, 2002.

## COUNT ONE

### Infringement of the '479 Patent

7. In response to the allegations contained in Paragraph 7 of the Complaint, NetRatings repeats and realleges its responses to the allegations contained in Paragraphs 1 through 6 thereof as though fully set forth herein.

8. NetRatings denies the allegations contained in Paragraph 8 of the Complaint.

9. NetRatings denies the allegations contained in Paragraph 9 of the Complaint.

10. NetRatings denies the allegations contained in Paragraph 10 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

#### Non-Infringement of the '479 Patent

11. NetRatings has not and does not infringe, induce infringement, or contributorily infringe any claim of the '479 Patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

#### Invalidity and Unenforceability of the '479 Patent

12. The claims of the '479 patent are invalid and unenforceable for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

### THIRD AFFIRMATIVE DEFENSE

#### Failure to State a Claim

13. The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

#### Estoppel

14. WebSideStory is estopped from construing any claim of the '479 Patent to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by NetRatings in view of the prior art; and/or because of disclosure or language in the specification of the '479 Patent; and/or because of limitations in the claims of the '479 Patent.

### FIFTH AFFIRMATIVE DEFENSE

#### Failure to Mark Or Give Notice

15. WebSideStory's claims are limited pursuant to 35 U.S.C. § 287.

### SIXTH AFFIRMATIVE DEFENSE

#### Laches, Waiver and Estoppel

16. WebSideStory's claims are barred, in whole or in part, by the doctrines of laches,

1  waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction Under 28 U.S.C. § 1498(a)

17. To the extent WebSideStory seeks remedies in connection with products or services used or manufactured by or for the United States, if any, pursuant to 28 U.S.C. § 1498(a), this Court lacks subject matter jurisdiction to adjudicate such claims.

## EIGHTH AFFIRMATIVE DEFENSE

### Reservation of Rights

18. NetRatings reserves the right to assert additional defenses which may become apparent during discovery in this action.

## COUNTERCLAIMS OF NETRATINGS, INC.

Counterclaim-Plaintiff NetRatings, Inc. ("NetRatings"), as and for its Counterclaims against Counterclaim-Defendant WebSideStory, Inc. ("WebSideStory"), alleges as follows:

## THE PARTIES

19. NetRatings is a Delaware corporation with its principal place of business at 120 West 45th Street, New York, New York 10036. NetRatings is in the business of providing products and services relating to Internet audience measurement and analysis.

20. Upon information and belief, WebSideStory, Inc. is a Delaware corporation with offices at 10182 Telesis Ct., San Diego, California 92121.

## JURISDICTION AND VENUE

21. NetRatings' Counterclaims are brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, pursuant to the patent laws of the United States, 35 U.S.C. § 1 et seq., and pursuant to Federal Rule of Civil Procedure 13. The Court has jurisdiction over NetRatings' counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

22. Venue is proper with respect to the counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400(b) because WebSideStory resides in this District and has a place of business in this District, and pursuant to Federal Rule of Civil Procedure 13.

///

## GENERAL ALLEGATIONS

23. On February 22, 2006, WebSideStory filed suit in this Court against NetRatings alleging that WebSideStory is the owner by assignment of United States Patent No. 6,393,479 (the "'479 Patent") and further alleging that NetRatings has been and is infringing, contributing to the infringement of, or inducing the infringement of the '479 Patent. On or about March 30, 2006, WebSideStory filed its First Amended Complaint For Patent Infringement (the "Complaint") repeating and reasserting such allegations against NetRatings.

24. In light of the foregoing, an actual and justiciable controversy exists between NetRatings and WebSideStory as to the alleged infringement, validity and enforceability of the '479 Patent.

## FIRST COUNTERCLAIM

### Declaration of Patent Non-Infringement

25. NetRatings repeats the allegations contained in paragraphs 19 through 24 as though fully set forth herein.

26. In the Complaint, WebSideStory claims to be the owner by assignment of the '479 Patent.

27. In the Complaint, WebSideStory has asserted that NetRatings has been and is infringing, contributing to the infringement of, or inducing the infringement of the '479 Patent.

28. NetRatings seeks a declaration that NetRatings has not and does not infringe, contribute to the infringement of, or induce the infringement of, any claims of the '479 Patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

### Declaration of Invalidity and Unenforceability

29. NetRatings repeats the allegations contained in paragraphs 19 through 28 as though fully set forth herein.

30. NetRatings seeks a declaration that the '479 Patent and each and every claim contained therein is invalid and unenforceable for failure to satisfy one or more of the conditions for patentability specified under United States patent law, 35 U.S.C. § 1, et seq., including but not

limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

## PRAYER FOR RELIEF

WHEREFORE, NetRatings prays for judgment against WebSideStory and awarding NetRatings the following relief:

a. Dismissing WebSideStory's Complaint in the entirety with prejudice;

b. Declaring that NetRatings has not and does not infringe, contribute to the infringement of, or induce the infringement of, any claims of the '479 Patent, either literally or under the doctrine of equivalents;

c. Declaring all claims of the '479 Patent invalid and unenforceable;

d. Permanently enjoining WebSideStory, its agents, servants, subsidiaries, affiliates, employees and those in active concert or participation with any of them, from directly or indirectly charging or maintaining any action for infringement, contributory infringement or inducement of infringement of the '479 Patent against NetRatings or any person or entity in privity with NetRatings, including, without limitation, NetRatings' affiliates, successors, assigns, agents, suppliers, business partners and/or customers;

e. Adjudging that this is an exceptional case under 35 U.S.C. § 285 and awarding NetRatings its attorneys' fees, costs and expenses in this action; and

f. Granting NetRatings such other and further relief as the Court may deem just and equitable.

Dated: April 13, 2006

BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP

By: _____
Allan Gabriel (SBN 76477)
Attorneys for Defendant and
Counterclaim-Plaintiff NetRatings, Inc.

905315

6
Case No: 06-CV-0408

## DEMAND FOR JURY TRIAL

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

Dated: April 13, 2006

BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP

By: _____
Allan Gabriel (SBN 76477)
Attorneys for Defendant and
Counterclaim-Plaintiff NetRatings, Inc.

905315

7
Case No: 06-CV-0408

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 1880 Century Park East, 12th Floor, Los Angeles, California 90067.

On April 13, 2006, I served the foregoing document described as **ANSWER AND COUNTERCLAIMS OF DEFENDANT NETRATINGS, INC. IN RESPONSE TO FIRST AMENDED COMPLAINT OF WEBSIDESTORY, INC.** on all parties in this action.

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope addressed as follows:

Stephen P. Swinton, Esq.          Attorneys for Plaintiff
Latham & Watkins LLP              WebSideStory, Inc.
12636 High Bluff Drive
Suite 400
San Diego, CA 92130-2071

Tel:   (858) 523-5400
Fax:   (858) 523-5450

☒   BY MAIL. I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postage service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more that one day after date of deposit for mailing in affidavit.

☐   BY FACSIMILE. I sent such document from facsimile machine (310) 712-8383. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 712-8383 which confirms said transmission and receipt.

☐   BY PERSONAL SERVICE. I delivered such envelope by hand to the office of the addressee at the address indicated above.

☒   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 13, 2006, at Los Angeles, California.

_____
Clotilde Bigornia

8
Case No: 06-CV-0408