cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEBSIDESTORY, INC. <br><br> Plaintiff, <br> v. <br><br> NETRATINGS, INC. <br><br> Defendants. <br><br> and related counter-claims. | Civil No.06cv408 WQH (AJB) <br><br> Order Granting Motion to Compel <br> [Doc. No. 66] |

WebSideStory moves the Court for an order compelling NetRatings to produce a witness or witnesses in response to WebSideStory's January 10, 2007 Fed. R. Civ. P. 30(b)(6) deposition notice to describe the operation of NetRatings' products that perform path analysis, either independently or though integration with NetRatings' SiteCensus product. NetRatings has filed a letter brief in Opposition to WebSideStory's request and WebSideStory filed a reply. Based upon the moving papers and for the reasons set forth herein, WebSideStory's motion is hereby GRANTED.

### ***Background***

In the instant case, WebSideStory alleges that NetRatings infringes its patent, U.S. Patent No. 6,393,479 (hereinafter the '479 patent), which is directed to methods and systems for path analysis,

which involves tracking the manner in which users navigate through a website. NetRatings has sued WebSideStory for patent infringement in a parallel matter in the Southern District of New York.

The current disputes arises from WebSideStory's second 30(b)(6) deposition notice of January 10, 2007. On November 2, 2006, WebSideStory took an initial 30(b)(6) deposition of NetRatings' Chief Technology Office, John Kleine. NetRatings contends that it initially objected to the entirety of WebSideStory's second notice based on the fact that WebSideStory had already taken a first 30(b)(6) deposition of NetRatings covering these topics. However, NetRatings did subsequently agree to produce a second witness to testify as to the topics relating to the integration of the SiteCensus products with other NetRatings products, which are covered by topics 1-2, and 13-16 of the second deposition notice. After further discussions between the parties, NetRatings further agreed to designate a witness or witnesses with respect to topics 4, 6, 8, 10 and 12. As such, the only deposition topics which remain at issue are 3, 5, 7, 9, and 11.[1]

### *Discussion*

WebSideStory seeks additional deposition testimony from NetRatings regarding the second deposition notice topics 3, 5, 7, 9, and 11, which relate to NetRatings' NetView, MegaPanel, HomeScan, @Plan and Ad Relevance products. Specifically, WebSideStory wants to know how each of these products conducts path analysis. WebsideStory contends that this information is relevant because WebSideStory needs to understand how each of these products operates independently in order to evaluate how each of these products operate when integrated with the NetRatings' allegedly infringing SiteCensus product suite.

---

[1] The following are the deposition topics that remain at issue between the parties:
  **3.** The Operation of NetRatings' NetView product, and in particular the manner in which it conducts "path analysis".
  **5.** The operation of NetRatings' MegaPanel product, and in particular the manner in which it conducts "path analysis".
  **7.** The Operation of NetRatings' HomeScan Online product, and in particular the manner in which it conducts "path analysis".
  **9.** The Operation of NetRatings' @Plan product, and in particular the manner in which it conducts "path analysis".
  **11.** The Operation of NetRatings' Ad Relevance product, and in particular the manner in which it conducts "path analysis".

NetRatings objects to deposition topics 3, 5, 7, 9, and 11 from WebSideStory's second deposition notice on two grounds: (1) WebSideStory has already deposed NetRatings first 30(b)(6) witness with regard to these topics, and (2) WebSideStory is not entitled to testimony regarding these products that allegedly conduct path analysis because the path analysis functionality alone is not sufficient to make these products infringing.

### 1. NetRatings' Argument that WebSideStory Has Already Taken and Concluded a 30(b)(6) Deposition of a NetRatings Witness With Regard to these Topics

NetRatings contends that the Court should deny WebSideStory's motion to compel the designation of a 30(b)(6) witness with regard to deposition topics 3, 5, 7, 9, and 11 from WebSideStory's second deposition notice, because WebSideStory has already deposed NetRatings 30(b)(6) witness, Mr. Kleine, concerning these topics. However, WebSideStory argues that the topics for the initial 30(b)(6) deposition were intentionally tailored to obtain testimony only about the identity of products that perform "path analysis" not how these products actually accomplish it. Upon review of the deposition transcript submitted, the Court finds that while WebSideStory did ask Mr. Kleine about whether certain NetRatings products conducted path analysis, WebSideStory did not delve into the specifics of how each of the products performed this function. Furthermore, that Court notes that NetRatings' witness, Mr. Kleine, specifically identified other NetRatings employees as being most knowledgeable with regard to the NetView, MegaPanel, HomeScan, @Plan and Ad Relevance products path analysis functionalities. *See* Defendant's Exh. C, Kleine Deposition Transcript at 64-66. As such, it is clear that WebSideStory has not yet deposed NetRatings' person(s) most knowledgeable with regard to the deposition topics at issue in this motion.

### 2. NetRatings' Argument that Websidestory Is Not Entitled to Testimony Regarding These Products That Allegedly Conduct Path Analysis Because the Path Analysis Functionality Alone Is Not Sufficient to Make These Products Infringing

NetRatings second argument contends that WebSideStory's motion should be denied because claim 1 of the asserted '479 patent describes "path analysis" as performed through the use of cookies. As such, NetRatings argues that the path analysis functionality alone is insufficient to establish infringement without the use of cookies. Alternatively, WebSideStory argues that NetRatings willingness to produce a witness regarding the integration of NetRatings NetView, MegaPanel,

HomeScan, @Plan and Ad Relevance products with its SiteCensus products demonstrates relevance and WebSideStory's need to understand how each of the products operates independently.  The Court agrees.

With regard to NetRatings contentions that these products aren't specifically mentioned in WebSideStory's preliminary infringement contentions, the Court notes that WebSideStory's preliminary infringement contentions accuse the SiteCensus product suite as well as "all products incorporating such technologies". *See* Defendant's Opp. at 2.  Additionally, NetRatings has indicated that the NetView, MegaPanel, HomeScan, @Plan and Ad Relevance products integrate the SiteCensus product. In light of the broad relevancy standard applied to discovery under Rule 26 of the Federal Rules, WebSideStory would be entitled to information, such as how each of these products that incorporate the SiteCensus product operate independently, as this information may lead to the discovery of admissible evidence. As such, the Court finds that testimony on how each of these products operates independently and in conjunction with the SiteCensus product to be relevant and discoverable.  As a result, Mr. Kleine's testimony that the @Plan and Ad Relevance products do not perform path analysis, is insufficient to bar WebSideStory's inquiry into how @Plan and Ad Relevance operate independently.

### *Conclusion*

For the reasons set forth above, WebSideStory's Motion is hereby GRANTED. NetRatings is ORDERED to produce a 30(b)(6) witness for deposition topics 3, 5, 7, 9, and 11 from WebSideStory's second deposition notice forthwith.[2]

IT IS SO ORDERED.

DATED:  April 4, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

[2] Per a telephone conversation between the parties and the Court's law clerk on April 3, 2007, NetRatings' counsel indicated that they recently agreed to produce the witness WebSideStory requested regarding the disputed topics, however, whether NetRatings would designate the witness as a 30(b)(6) witness for these topics was not yet resolved.